Mickey L. DRAUGHON, Petitioner–Appellant,

v.

Don DEWITT, Warden, Respondent–Appellee.

No. 01–3899.

United States Court of Appeals, Sixth Circuit.

April 24, 2003.

BEFORE: RYAN, CLAY, and GIBBONS, Circuit Judges.

RYAN, Circuit Judge.

In this *pro se* appeal, Mickey L. Draughon, an Ohio state prisoner, challenges the district court's decision to dismiss his petition for a writ of *habeas corpus* because it was barred by the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). The specific issue Draughon raises is whether he tolled the statute of limitations by filing a motion for reconsideration of a motion to reopen his direct appeal to argue ineffective assistance of appellate counsel. The district court held that the statute was not tolled because Ohio does not recognize a motion for reconsideration filed pursuant to Ohio App. R. 26(A) as a method of seeking post-conviction relief. Because we conclude that Draughon is entitled to equitable tolling in any event, we find it unnecessary to address the tolling effect of Draughon's state motions pursuant to 28 U.S.C. § 2244(d)(2).

We therefore **REVERSE** the decision to dismiss Draughon's petition and **REMAND** the matter to the district court for further proceedings.

## I. BACKGROUND

### A. Chronology

On October 9, 1997, the state of Ohio convicted Mickey Draughon on charges of aggravated burglary, robbery, rape, and kidnapping. He was sentenced to concurrent prison terms of ten years for the aggravated burglary charge, five years for

the robbery charge, and ten years for the rape and kidnapping charges; he received an additional ten-year term as a repeat violent offender. Draughon's appointed counsel failed to make a timely appeal but did file a motion for a delayed appeal with the state appeals court on November 21, 1997. The state appeals court granted the motion for delayed appeal on January 16, 1998, but nevertheless affirmed Draughon's conviction on September 1, 1998. Draughon then failed to make a timely appeal to the Ohio Supreme Court, but he filed a motion for a delayed appeal with the Ohio Supreme Court on November 23, 1998.

On November 27, 1998, while the motion for delayed appeal was pending before the Ohio Supreme Court, Draughon filed an application in the state appeals court to reopen his direct appeal on the basis of a claim of ineffective assistance of appellate counsel, as provided in Ohio App. R. 26(B)(1). The rule states, in part: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." On December 31, 1998, the state appeals court denied Draughon's Rule 26(B) motion because he failed to include a sworn statement of the basis for his claim, as required by Ohio App. R. 26(B)(2)(d).

On January 20, 1999, the Ohio Supreme Court denied Draughon's motion for delayed appeal. The next day, January 21, 1999, Draughon filed with the state appeals court an application for reconsideration of his improper Rule 26(B) motion. This application was filed pursuant to Ohio App. R. 26(A). On September 20, 1999, the state appeals court denied Draughon's Rule 26(A) motion, stating: "Appellant's January 21, 1999, motion to reconsider is *denied, this court, on December 31, 1998,* having denied appellant's application for

reopening." Although the Ohio Appellate Rules require a decision on a Rule 26(A) motion within 45 days, *see* Ohio App. R. 26(C), the state appeals court took about eight months to deny Draughon's motion. Draughon appealed this decision to the Ohio Supreme Court on November 3, 1999, and the Ohio Supreme Court dismissed the appeal on January 19, 2000. Draughon signed his *habeas* petition on July 5, 2000, and it was filed with the district court on July 18, 2000.

The parties agree that the period from January 21, 1999, to January 19, 2000, is critical. During this time, Draughon's Rule 26(A) motion for reconsideration of his improperly filed Rule 26(B) motion was pending before the Ohio Court of Appeals and Ohio Supreme Court. If the statute of limitations was running during this period, then Draughon filed his *habeas* petition at least six months too late; if the statute was tolled, then the petition was timely.

**B. District Court Proceedings**

The district court dismissed Draughon's petition on the ground that the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) had expired. The court noted that the applicable tolling provision requires a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (West Supp. 2002). The court then reasoned that Draughon's Rule 26(A) motion for reconsideration did not satisfy this standard, since Ohio does not recognize a Rule 26(A) motion as a method of seeking post-conviction relief. As a result, the court held, Draughon's Rule 26(A) motion did not toll the statute of limitations, and the one-year period expired well before he filed his *habeas* petition. After dismissing Draughon's *habeas* petition, the district court granted a certificate of appealability as to the statute of limitations issue.

## II.  ANALYSIS

We "review[ ] a district court's decision to deny or grant a writ of habeas corpus *de novo,* but [we] review[ ] the district court's factual findings only for clear error." *Barker v. Yukins,* 199 F.3d 867, 870 (6th Cir.1999).

A *habeas* petition filed by a state prisoner after April 24, 1996, is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West Supp.2002).

We have held that, apart from qualifying for tolling pursuant to 28 U.S.C. § 2244(d)(2), a petitioner may be entitled to equitable tolling relief.  In *Dunlap v. United States,* 250 F.3d 1001, 1004–08 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001), we held that equitable tolling is available in cases involving the AEDPA statute of limitations, and that our discretion should be guided by five factors:

(1) the petitioner's lack of notice of the filing requirement;  (2) the petitioner's lack of constructive knowledge of the filing requirement;  (3) diligence in pursuing one's rights;  (4) absence of prejudice to the respondent;  and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 1008.  We have "cautioned that equitable tolling relief should only be granted sparingly," *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 699, 154 L.Ed.2d 638 (2002).  Moreover, "the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002).

Without deciding whether Draughon qualifies for tolling pursuant to 28 U.S.C. § 2244(d)(2), we conclude that he is entitled to equitable tolling for the time during which his Rule 26(A) motion for reconsideration was pending in the Ohio courts.  The record demonstrates that the Ohio Court of Appeals delayed decision on Draughon's motion for about eight months, when the applicable Ohio rule required it to decide the motion within 45 days.  *See* Ohio App. R. 26(C).  A more timely disposal of Draughon's motion would have given him notice of the need to file his *habeas* petition at an earlier date.  Under the circumstances of this case, it was not unreasonable for Draughon to await decision on his motion before seeking federal *habeas* review, and we cannot fault Draughon entirely for the resulting delay.  *Cf. Miller v. Collins,* 305 F.3d 491, 496 (6th Cir.2002).  In addition, because he filed his *habeas* petition approximately six months after his Rule 26(A) motion had run its course, Draughon exhibited sufficient diligence in pursuing his rights.  Although the prejudice factor always favors the government in a habeas case, *Dunlap,* 250 F.3d at 1009, the prejudice to the government in this case does not override the

factors supporting equitable tolling. Therefore, we conclude that Draughon is entitled to equitable tolling relief from the AEDPA statute of limitations.

## III. CONCLUSION

For the foregoing reasons, the district court's decision is **REVERSED** and the case is **REMANDED** for further proceedings.