Marvelle DIXON, Petitioner–Appellant,

v.

State of OHIO, Respondent–Appellee.

No. 03–3411.

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2003.

Before: DAUGHTREY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

## ORDER

Marvelle Dixon, an Ohio state prisoner, appeals pro se a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dixon was convicted following a 1998 jury trial (his third, following two mistrials) of aggravated murder, felonious assault, and firearm specifications. He was sentenced to life imprisonment, eight to fifteen years, and three years, respectively, to run consecutively. Appointed counsel

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

filed an appeal but failed to file a brief, resulting in the dismissal of the direct appeal. Dixon filed a postconviction challenge on December 22, 1998, which for unexplained reasons has never been ruled on. New appointed counsel successfully moved to reopen the direct appeal, and the conviction was affirmed on December 5, 2000. Meanwhile, Dixon had also moved to reopen the direct appeal to argue that his second appointed counsel was ineffective. That motion was denied on February 1, 2001. Dixon submitted an appeal from the opinion affirming his conviction to the Ohio Supreme Court, but it was returned to him on January 18, 2001, for failing to notarize the affidavit of indigency. Rather than immediately correcting this deficiency, Dixon moved for a delayed appeal on May 2, 2001, which was denied on June 6, 2001.

This petition for federal habeas corpus relief was filed in June 2002, raising claims that evidence of Dixon's alleged membership in a gang was erroneously admitted, the prosecutor was guilty of misconduct, there was insufficient evidence of prior calculation to support the aggravated murder conviction, counsel was ineffective, and Dixon had been denied the right to appeal. A magistrate judge recommended that the petition be dismissed as barred by the one-year statute of limitations. The district court adopted this recommendation and dismissed the petition. On appeal, Dixon reasserts the merits of his first three claims, and argues that the statute of limitations does not bar the petition for a number of reasons: because his postconviction proceeding has never been ruled on; because his delayed appeal was due to the failure to receive notice of the affirmance of his conviction and the lack of counsel; and because he was in solitary confinement from April 5, 2002, to May 12, 2002.

Upon review, we conclude that the dismissal of this petition must be affirmed because the statute of limitations had expired prior to its filing, and the record does not support a finding of entitlement to equitable tolling.

■■■ Because Dixon did not file a timely appeal from the December 5, 2000, Court of Appeals decision affirming his conviction, the conviction became final at the expiration of the time for filing an appeal, or January 19, 2001. *Miller v. Collins*, 305 F.3d 491, 494 (6th Cir.2002). Respondent argues that the running of the statute was not tolled during the pendency of Dixon's pro se motion to reopen the direct appeal, because it was an unauthorized second motion to reopen. However, this argument is inconsistent with respondent's recognition that the original motion to reopen was due to counsel's failure to file an appeal brief, and actually constituted part of the direct appeal. Therefore, we conclude that the statute was tolled during the pendency of this motion, which was denied on February 1, 2001. Also pending at the time, and still pending, was the original postconviction challenge filed by Dixon in 1998. This proceeding does not toll the running of the statute, however, because it raised none of the claims presented in this petition. *Austin v. Mitchell*, 200 F.3d 391, 394 (6th Cir.1999). Dixon argues that claims of ineffective assistance of counsel and prosecutorial misconduct were raised in the postconviction proceeding. However, the magistrate judge agreed with respondent's argument that those broad claims were raised, but the arguments on which they were based were different from the arguments presented in this petition. The statute therefore ran from February 1, 2001, until Dixon filed his delayed appeal on May 2, 2001. That appeal was disposed of on June 6, 2001, with nine months remaining in the

statutory period. Because this petition was not filed until June of 2002, it was beyond the allowed filing period.

■ Dixon's arguments for equitable tolling are meritless. First, he claims that he was required to file a delayed appeal because he did not get notice of the Court of Appeals decision affirming his conviction, and because he did not have counsel. Unlike the case of *Miller,* 305 F.3d at 495–96, the record in this case does not support Dixon's claim that he did not receive the appellate court's decision. On the contrary, he apparently was able to submit a timely appeal, even without counsel, which was only returned because the affidavit of indigency was not notarized. Because plaintiff obviously had notice of the decision in time to appeal, and was able to do so without counsel, with the exception of a technical problem that he could easily have corrected himself, his arguments are unpersuasive. Similarly, the claim that his placement in solitary confinement after the statutory period had expired somehow renders the filing of this petition timely does not withstand analysis. Dixon has not demonstrated that he was unaware of the statute of limitations, or that he was diligent in pursuing his claims, when he allowed several months to go by before filing a delayed appeal, and allowed a full year to expire before filing this petition. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). De novo review of the record therefore supports the district court's conclusion that equitable tolling was not warranted. *Id.* at 1007.

Accordingly, the district court's dismissal of this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.