**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0088n.06**
**Filed: February 1, 2008**

**No. 05-3302**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **JOSE CARRION,** | ) | |
| | ) | |
| *Petitioner-Appellant*, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| **JULIUS WILSON**, Warden, | ) | |
| | ) | **O P I N I O N** |
| *Respondent-Appellee.* | ) | |
| | ) | |

**BEFORE:**    **SUHRHEINRICH, COLE, and GIBBONS, Circuit Judges.**

**R. GUY COLE, JR.**  Petitioner-Appellant Jose Antonio Carrion appeals a district court judgment dismissing his habeas petition as time-barred. For the following reasons, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

**A. State Proceedings**

Carrion pleaded guilty to two counts of theft and was sentenced on June 16, 2000 to two consecutive prison terms of four to ten years. The trial court, however, suspended Carrion's sentence and placed him on probation for three years. The trial court informed Carrion of his right to appeal and his right to appointed counsel on appeal, but Carrion did not appeal.

A year and a half later, on January 27, 2002, while still on probation, Carrion was arrested. Carrion waived a probable-cause hearing and admitted probable cause for the probation violation. On February 13, 2002, Carrion, pro se, filed a motion to withdraw his June 2000 guilty plea, claiming that his trial attorney duped him into pleading guilty. The trial court denied Carrion's motion to withdraw his guilty plea, found Carrion in violation of probation, and imposed the original sentence set forth at the June 2000 hearing.

On March 4, 2002, Carrion, again representing himself, filed a motion for appointment of counsel and a notice of appeal in the Ohio Court of Appeals, challenging the trial court's June 2000 order. The Court of Appeals denied Carrion's appeal of the June 2000 order as untimely under Ohio App. R. 4(A), which gives a party thirty days to file a notice of appeal after the entry of judgment. The Ohio Supreme Court denied Carrion's subsequent motion for leave to file a delayed appeal.

On October 11, 2002, Carrion, pro se, filed a motion for leave to file a delayed appeal or, in the alternative, to appoint appellate counsel to file an application for leave to file a delayed appeal. Once again, Carrion challenged his June 2000 conviction and sentence. The Ohio Court of Appeals denied the motion, holding that Carrion failed to show cause for failing to perfect a timely appeal from the trial court's June 2000 judgment.

On December 9, 2002, Carrion, still proceeding pro se, appealed the Court of Appeals' denial of his motion for delayed appeal to the Ohio Supreme Court. The Ohio Supreme Court dismissed Carrion's appeal, concluding that it did not involve any substantial constitutional question.

In 2003, Carrion filed four state habeas petitions. All were denied for failing to comply with O.R.C. § 2969.25, which requires an inmate seeking state post-conviction relief to file an affidavit

in the court that contains "a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

**B. Federal Proceedings**

On March 4, 2004, Carrion filed the present pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, claiming that the state court deprived him of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process of law when it denied his numerous appeals of the June 2000 order.

On July 13, 2004, the Warden filed a motion to dismiss, arguing that the petition was time-barred or, in the alternative, that Carrion's claims were procedurally defaulted. A magistrate judge issued a report recommending that Carrion's petition was time-barred under the applicable one-year statute of limitations, 28 U.S.C. § 2244(d)(1), or, alternatively, that Carrion's claims were procedurally defaulted. Carrion objected. The district court, after reviewing the relevant case law and the parties' arguments, adopted the magistrate judge's conclusion that Carrion's petition was time-barred, finding it unnecessary to reach the Warden's procedural-default argument. Because the district court dismissed Carrion's petition based solely on its untimeliness, this is the only issue properly before this Court.

## II. ANALYSIS

Because Carrion filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, AEDPA controls. *Lindh v. Murphy*, 521 U.S. 320, 326–27, 337 (1997). In reviewing a habeas petition, we review a district court's legal conclusions de novo and its factual findings for clear error. *Miller v. Collins*, 305 F.3d 491, 493–94

The district court dismissed Carrion's petition as time-barred without addressing the merits of Carrion's claims. Carrion, through counsel, does not dispute in his appeal to this Court that his petition was untimely. Accordingly, he has waived this argument, and we could affirm the district court's judgment on such basis alone. *See* Fed. R. App. P. 28(a)(9)(A) (stating that the appellant's brief must include an argument containing the appellant's contentions and the reasons for them); *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 544 n.8 (6th Cir. 2002) ("It is well established that an issue not raised in a party's briefs may be deemed waived."); *Thaddeus-X v. Blatter*, 175 F.3d 378, 403 (6th Cir. 1999) (en banc) (stating that a party's argument not presented in the initial briefs on appeal is waived).

Even if Carrion has not waived this argument regarding the timeliness of his petition, we conclude that the district court did not err when it found that his petition was time-barred. Federal habeas petitioners in custody pursuant to the judgment of a state court have one year to file their application. 28 U.S.C. § 2244(d)(1). In general, the limitation period runs from the date on which the state judgment became final by the conclusion of direct review or by the expiration of the time for seeking such review. *Id.* at § 2244(d)(1)(A). Carrion's federal habeas petition, based on the June 2000 conviction and sentence, is barred by this one-year statute of limitations. Carrion pleaded guilty to two third-degree felony theft offenses on June 15, 2000, and he was sentenced on June 16, 2000. Carrion did not file a direct appeal following sentencing. His conviction therefore became final on July 16, 2000, thirty days after he was sentenced. *See* Ohio App. R. 4(A) ("A party shall file the notice of appeal . . . within thirty days of the later of entry of the judgment or order appealed .

. . .").  The federal habeas limitations period thus expired one year later on July 16, 2001, well before Carrion began submitting his numerous filings, beginning on February 13, 2002.  *See* 28 U.S.C. § 2244(d)(1)(A).  Even if this Court were to assume that Carrion's filing on February 13, 2002 would toll a running statute of limitations, Carrion is still time-barred because the statute of limitations had already expired on July 16, 2001.  These motions would not have served to "restart the statute of limitations, but if properly filed, [would have] toll[ed] the statute during the time the motion[s] [were] pending." *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).  In other words, these motions would have served only to stop a *running* clock, not restart one that had already expired.

Although the running of the statute of limitations may be tolled until "the date on which the factual predicate of the claims . . . presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), Carrion cannot establish, nor does he argue, that the factual predicate of his claims (i.e., the trial court's failure to provide appellate counsel for filing a timely direct appeal) could not have been discovered through the exercise of due diligence within the limitations period.  Indeed, Carrion concedes that the trial court advised him of his right to appeal and his right to appointed counsel.  Carrion knew of his rights at the time he was sentenced, yet waited over a year and a half before attempting to pursue a direct appeal.

Therefore, the district court did not err when it concluded that Carrion's present habeas petition was barred by AEDPA's one-year statute of limitations.

## V. CONCLUSION

For the preceding reasons, we **AFFIRM** the judgment of the district court.