NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 11a0340n.06

No. 09-5447

FILED

*May 20, 2011*

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CHIVOUS S. ROBINSON,

     Petitioner-Appellant,

v.

JOE EASTERLING, Warden,

     Respondent-Appellee.

_____/

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE:    BATCHELDER, Chief Judge, CLAY and SUTTON, Circuit Judges.

**CLAY, Circuit Judge.** Petitioner Chivous S. Robinson, convicted by jury of second degree murder and solicitation and sentenced to 32 years of incarceration, appeals the district court's order denying his request for equitable tolling of the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), and dismissing his petition for a writ of habeas corpus as untimely.

For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**BACKGROUND**

On October 9, 2000, Petitioner Chivous S. Robinson was convicted by a jury in Knox County, Tennessee, of one count of second degree murder, and one count of solicitation to commit first degree murder. Petitioner was sentenced to consecutive terms of 23 years and 9 years of incarceration. Petitioner subsequently appealed his conviction to the Tennessee Court of Criminal Appeals, alleging that the trial court erred by refusing to admit the statement of his co-defendant; denying his motion to sever; denying his motion to exclude photographs; and improperly sentencing him to consecutive terms. The appellate court affirmed the conviction and sentence on February 28, 2003, and on July 7, 2003, the Tennessee Supreme Court declined to hear Petitioner's appeal. Petitioner did not file a petition for certiorari to the U.S. Supreme Court, so his conviction became final on October 5, 2003.

On October 16, 2003, Petitioner filed a petition for state post-conviction relief, alleging ineffective assistance of trial and appellate counsel. Petitioner initiated his post-conviction proceedings *pro se*, but Attorney Joseph Liddell Kirk ("Kirk") was later appointed to represent him. With the assistance of Kirk, Petitioner filed an amended petition for post-conviction relief. However, this petition was denied by the trial court, and the Tennessee Court of Criminal Appeals affirmed on May 19, 2006. On October 2, 2006, the Tennessee Supreme Court again declined jurisdiction over Petitioner's appeal.

Significantly, during state post-conviction proceedings, Kirk failed to provide Petitioner with timely case status updates despite promising to do so. Kirk did not inform Petitioner of the Tennessee Court of Criminal Appeals's decision to deny post-conviction relief until October 9, 2007, more than a year after the decision. Kirk also failed to inform Petitioner that he had petitioned for

relief before the Tennessee Supreme Court, leaving Petitioner completely unaware of the proceedings.

After receiving copies of the Tennessee state court decisions, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 on October 23, 2007. Petitioner's habeas petition sought relief on grounds of ineffective assistance of trial and appellate counsel and improper exclusion of evidence by the trial court—claims which Petitioner previously exhausted before the Tennessee state courts. Petitioner also raised two new claims: denial of a full and fair opportunity to present his claims in state post-conviction proceedings, based on Kirk's conduct, and improper judicial fact-finding in violation of the Sixth Amendment right to a jury trial. However, Petitioner filed his habeas petition 32 days after the expiration of the applicable one-year statute of limitations.

Petitioner acknowledged that his habeas petition was untimely, but requested equitable tolling on grounds that his attorney engaged in misconduct when he failed to provide Petitioner with timely case status updates, and that as a result, Petitioner did not realize the statute of limitations had run. To support these claims, Petitioner submitted copies of his correspondences with Kirk requesting case updates, an affidavit from the prison mail room clerk confirming that Petitioner had not received legal mail, and an affidavit from the prison librarian who stated that Petitioner had no access to legal databases or court records during the period of his incarceration.

On March 16, 2009, the district court denied Petitioner's request for equitable tolling, holding that the misconduct of Petitioner's attorney did not constitute an extraordinary circumstance warranting relief, and that Petitioner failed to exercise due diligence in protecting his appellate rights. The district court concluded that Petitioner had an independent duty to stay informed of his case

3

status, and that Petitioner waited too long to make further inquiries about his case after writing Kirk

on March 29, 2006. The district court also denied Petitioner a certificate of appealability. However,

on January 28, 2010, this Court granted Petitioner a certificate of appealability on the single issue

of whether Petitioner should benefit from equitable tolling based on attorney errors. The Court also

granted Petitioner's motion for leave to proceed *in forma pauperis*, and directed the clerk to appoint

counsel. This timely appeal followed.

## DISCUSSION

### A. Standard of Review

"This Court reviews a district court's decision on the issue of equitable tolling *de novo* where

the facts are undisputed." *Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006) (citing *Allen

v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)); *see also Dunlap v. United States*, 250 F.3d 1001, 1007

n.2 (6th Cir. 2001). The Warden does not dispute that Kirk failed to inform Petitioner of his case

status before October 9, 2007, and no other facts are contested. Accordingly, a *de novo* standard of

review applies.

### B. The Legal Standard for Equitable Tolling

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute

of limitations for filing petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The AEDPA

statute of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)–(D). Pursuant to § 2244(d)(1)(A), the one-year statute of limitations applicable to Petitioner's habeas petition began to run on October 5, 2003, after his conviction became final. The statute of limitations was tolled 11 days later on October 16, 2003, when Petitioner moved for state post-conviction relief. The clock began to run again on October 2, 2006, after the Tennessee Supreme Court declined jurisdiction over Petitioner's post-conviction appeal. Petitioner's filing window expired 354 days later on September 21, 2007.

Petitioner concedes that his petition for habeas corpus, filed on October 23, 2007, is barred by the statute of limitations. However, the AEDPA statute of limitations is not jurisdictional. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Therefore, courts may review time-barred petitions for habeas corpus under the doctrine of equitable tolling provided that "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted).

To qualify for equitable tolling, Petitioner must make the two-part showing that (1) he diligently pursued his appellate rights and (2) "some extraordinary circumstance prevented timely filing." *Id.* at 784 (citing *Holland v. Florida*, __ U.S. __ , 130 S. Ct. 2549, 2562 (2010)).[1] An

---

[1] Prior to *Holland*, this Court considered five factors when determining whether to toll the AEDPA statute of limitations:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive

5

attorney's failure to comply with professional standards of conduct may constitute an extraordinary circumstance warranting relief. *See, e.g.*, *Holland*, 130 S. Ct. at 2562–65; *Gordon v. England*, 354 F. App'x 975, 980 (6th Cir. 2009). Extraordinary circumstances may also exist when petitioners face a substantial, involuntary delay in learning about the status of their appeals. *See Miller v. Collins*, 305 F.3d 491, 495–96 (6th Cir. 2002). However, "the statute of limitations may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence." *Dunlap*, 250 F.3d at 1008; *accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000). Thus, Petitioner must demonstrate that he exercised reasonable diligence in protecting his appellate rights.

## C.     Analysis

After reviewing the record, the district court held that Petitioner failed to exercise reasonable diligence. We agree. Although the diligence required for equitable tolling purposes is "'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 130 S. Ct. at 2565 (internal citations omitted), petitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they "passively await decision." *Miller*, 305 F.3d at 496. After filing a petition for post-conviction relief in state court on October 16, 2003, Petitioner

---

knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (internal citations omitted). However, *Holland* clarified that requests for tolling under AEDPA are reviewed under a two-part test. *See Robertson*, 624 F.3d at 784 (citing *Holland*, 130 S. Ct. at 2562).

contacted his attorney for a case update on March 29, 2006, and then waited until October 2007, approximately eighteen months later, to make any further inquiries about his case status.

While this Court has recognized that attorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case status update, *see Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (finding petitioner reasonably diligent where attorney assurances caused delay of two months); *Miller*, 305 F.3d at 496 (finding petitioner reasonably diligent where delay was nine months, given the court's long deliberation time on previous motions), this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here. *Cf. Longazel v. Fort Dearborn Life Ins. Co.*, 363 F. App'x 365, 368–69 (6th Cir. 2010) (denying equitable tolling where petitioner waited three years before inquiring about his case status); *LaCava v. Kyler*, 398 F.3d 271, 277–78 (3d Cir. 2005) (denying equitable tolling where petitioner waited twenty-one months before inquiring about his case status).

Therefore, assuming, without deciding, that attorney misconduct and delayed notification constituted an extraordinary circumstance for Petitioner, the district court did not err when it denied Petitioner's request for equitable tolling because Petitioner, "acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010); *cf. Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

**CONCLUSION**

7

Because Petitioner failed to exercise reasonable diligence in securing his appellate rights, the district court properly denied Petitioner's request for equitable tolling of the AEDPA statute of limitations. Therefore, the judgment of the district court is **AFFIRMED**.