Vensel HARDY, Petitioner,

v.

James T. CONWAY, Superintendent
of Attica Correctional Facility,
Respondent.

No. 03–CV–6197(ADS)(MLO).

United States District Court,
E.D. New York.

Feb. 3, 2004.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On January 13, 2004, this Court issued an Order to Vensel Hardy ("Hardy" or "Petitioner") to show cause in writing within thirty days of that Order as to why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner has timely responded. For the following reasons, Hardy's petition for a writ of habeas corpus is dismissed.

## BACKGROUND

On August 19, 1999, Vensel Hardy was convicted, following a jury trial in Suffolk County Court (Weber, J.), for Robbery in the First Degree, Robbery in the Second Degree, and Criminal Possession of a Weapon in the Third Degree, in violation of N.Y. Penal Law §§ 160.15, 160.10, and 265.02, respectively. On June 3, 2002, the Appellate Division, Second Department affirmed his convictions. *People v. Hardy*, 295 A.D.2d 365, 743 N.Y.S.2d 287 (2d Dept. 2002). On August 19, 2002, the Court of Appeals denied Hardy leave to appeal. *People v. Hardy*, 98 N.Y.2d 710, 749 N.Y.S.2d 8, 778 N.E.2d 559 (2002). Hardy did not seek certiorari review before the United States Supreme Court or file any post-conviction motions.

On December 9, 2003, Hardy filed the instant petition for a writ of habeas corpus. The Court notes that the petition indicates that the date on which Hardy signed the petition was November 15, 2003. However, Hardy has failed to provide an affidavit of service to show when he submitted his petition to the Department of Correctional Services ("DOCS") for filing within these

three weeks. On January 13, 2004, this Court issued an Order to Show Cause to Hardy to respond as to why his petition should not be dismissed as untimely. Hardy replied that the reason he did not timely file his petition was that the prisoner "clerk" assigned to assist him was transferred on or about November 5, 2003, and during that time, "some of the paper work was misplaced." Hardy Letter to Court dated January 25, 2004.

## DISCUSSION

Petitioner filed this action after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to his case. *Williams v. Taylor*, 529 U.S. 420, 429, 120 S.Ct. 1479, 1486, 146 L.Ed.2d 435 (2000).

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner has one year from the date his conviction becomes "final" to file a habeas petition in federal court. The date on which a judgment becomes final is at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For New York prisoners, that generally means that a conviction is final ninety days after leave to appeal to the New York Court of Appeals is denied, because defendants have ninety days to seek certiorari review before the United States Supreme Court. *See McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir.2003).

In this case, Petitioner filed his habeas petition after the one-year statute of limitations expired. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Hardy's conviction became final on November 18, 2002 when the ninety day period in which to seek certiorari review expired. Accordingly, Petitioner had until November 18, 2003 to

file his petition for a writ of habeas corpus with this Court. Although Petitioner appears to have dated his signature as November 15, 2003, which was within the one-year period, he filed his petition three weeks later. Hardy fails to provide an affidavit of service to show that he in fact submitted his petition to the Department of Correctional Services ("DOCS") for filing and copying by November 18, 2003. Therefore, his petition is untimely.

Nevertheless, Hardy's petition could still be found timely if he is eligible for equitable tolling to cover the period of November 18, 2003 to December 9, 2003. Hardy argues that equitable tolling should apply because the prisoner "clerk" assigned to assist him was transferred on or about November 5, 2003, and during that time, "some of the paper work was misplaced." Hardy Letter to Court dated January 25, 2004.

The Court may "equitably toll" the AEDPA's one-year period statute of limitations when "rare or extraordinary circumstances" prevent the prisoner from filing timely and upon a showing that the petitioner acted with reasonable diligence throughout the period he desires to toll. *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir.2000) (finding that intentional confiscation of a prisoner's habeas petition by a corrections officer is "extraordinary" as a matter of law). However, transfers between prison facilities, solitary confinement, lock-downs, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances. *See Asencio v. Senkowski*, 2000 WL 1760908 at *2 n. 4 (S.D.N.Y. Nov.30, 2000) (holding solitary confinement does not qualify as extraordinary circumstance); *Montalvo v. Strack*, 2000 WL 718439 at *2 (S.D.N.Y. June 5, 2000) (holding transfers between prison facilities do not merit equitable tolling); *Martinez v.*

*Kuhlmann*, 1999 WL 1565177 at *5 (S.D.N.Y. Dec.3, 1999) (noting various circumstances not eligible for equitable tolling, including lack of English language proficiency and lack of aid in research).

Nevertheless, even if this Court was to assume that Petitioner was denied access to his legal materials and the assistance of another prisoner in filing his petition, Petitioner fails to show that he was actually prevented from timely filing his petition. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 76 (2d Cir.2001). The fact that Hardy may have had difficulty in filing his petition without the aid of another prisoner is not a ground for equitable tolling and does not show that he was prevented from timely filing. Moreover, Hardy's broad conclusory allegation that he could not timely file his petition because some of his legal papers were "misplaced" during the time of the other prisoner's transfer also does not merit equitable tolling. Therefore, equitable tolling is not warranted here. Accordingly, Hardy's petition is dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, Hardy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED. Pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Hardy has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**