**Vensel HARDY, Petitioner–Appellant,**

v.

**James T. CONWAY, Superintendent, Attica Correctional Facility, Respondent–Appellee.**

**No. 04–0934–PR.**

United States Court of Appeals, Second Circuit.

Jan. 12, 2006.

Vensel Hardy, Attica, New York, for Appellant, pro se.

Glenn Green, Assistant District Attorney of Counsel, for Thomas J. Spota, District Attorney, Suffolk County, Riverhead, New York, for Appellee.

PRESENT: Honorable AMALYA L. KEARSE, Honorable REENA RAGGI, Circuit Judges. and Honorable JANE A. RESTANI,[1] Chief Judge, U.S. Court of Int'l Trade.

---

1.  The Honorable Jane A. Restani, Chief Judge of the United States Court of International

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on February 5, 2004, is VACATED and REMANDED to the district court for further proceedings consistent with this order.

Petitioner-appellant Vensel Hardy filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his state court convictions for first and second-degree robbery and third-degree criminal weapons possession. The one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), was due to expire in Hardy's case on November 18, 2003. Although Hardy dated (and presumably signed) his habeas petition on November 15, 2003, it was not filed in the district court until December 9, 2003.

The district court dismissed the petition as untimely, not finding present in Hardy's case the " 'rare or extraordinary circumstances' " necessary to justify equitable tolling of the AEDPA statute of limitations. *Hardy v. Conway*, 299 F.Supp.2d 159, 161 (E.D.N.Y.2004) (quoting *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000)). In April 2005, this court granted Hardy a certificate of appealability and instructed the parties to address whether the "prison mailbox rule," set forth in *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), excused the late filing of Hardy's petition. Both parties have failed to address the requested issue in their briefs.

The prison mailbox rule provides that a *pro se* prisoner's habeas petition is deemed filed at the moment he gives it to prison officials. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir.2001); *see also Walker v. Jas-*

*tremski*, 430 F.3d 560 (2d Cir.2005). The district court here declined to apply the mailbox rule to Hardy's petition because Hardy "fail[ed] to provide an affidavit of service to show that he in fact submitted his petition to the Department of Correctional Services ... for filing and copying by November 18, 2003." *Hardy v. Conway*, 299 F.Supp.2d at 161. However, we have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing. *See, e.g., Porter v. Greiner*, No. 00–6047, 2005 WL 3344828, *7, 2005 U.S. Dist. LEXIS 31828, at *20 (E.D.N.Y. Nov. 18, 2005) ("Where it is unclear when a *pro se* state prisoner mailed his or her habeas petition, the court assumes that the petition is filed on the day it is signed and dated."); *Cardona v. Andrews*, No. 04 Civ. 6534, 2005 U.S. Dist. LEXIS 12994, at *8 n. 3 (S.D.N.Y. June 15, 2005); *Corrigan v. Barbery*, 371 F.Supp.2d 325, 328 n. 4 (W.D.N.Y.2005); *Bourguignon v. Spielvogel*, No. 00–Cv–2465, 2004 WL 717161, 2004 U.S. Dist. LEXIS 5476, at *3 (D.Conn. Mar. 29, 2004); *Salerno v. People of New York State*, No. 98–Cv–1187, 2002 U.S. Dist. LEXIS 23214, at *4 n. 2 (N.D.N.Y. Dec. 5, 2002); *Rosa v. Walker*, No. 00–Cv–2059, 2002 WL 1467737, *1 n. 2, 2002 U.S. Dist. LEXIS 13487, at *4 n. 2 (E.D.N.Y. May 10, 2002); *Johnson v. Coombe*, 156 F.Supp.2d 273, 277 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, absent evidence to the contrary, the Court assumes that the prisoner gave his petition to prison officials for mailing on the date he signed it.") (alterations and internal quotation marks omitted); *Torres*

Trade, sitting by designation.

*v. Irvin,* 33 F.Supp.2d 257, 270 (S.D.N.Y. 1998) (collecting cases); *see also Marsh v. Soares,* 223 F.3d 1217, 1218 n. 1 (10th Cir.2000) ("Liberal application of the mailbox rule ... causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed.").

We are unable to discern from the record when Hardy provided his petition to prison officials. We recognize that in prior submissions to the district court, Hardy provided certain excuses to the district court for his late filing, *see Hardy v. Conway,* 299 F.Supp.2d at 161, indicating his awareness that his petition had been filed after the expiration of the AEDPA statute of limitations. However, it is unclear whether Hardy provided these excuses with the knowledge that his petition was timely as long as he provided it to prison officials before November 18, 2003, or whether he was ignorant of the prison mailbox rule and believed that his petition's late filing prevented its consideration. Given the lenient standards we apply to the filings of *pro se* litigants, *see, e.g., Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996), we are unwilling to conclude on an ambiguous record that Hardy's submission was untimely.

Accordingly, we remand the case to the district court for it to determine when Hardy gave his petition to prison officials and to treat Hardy's petition on its merits if the prison mailbox rule applies. The district court's judgment is hereby VACATED and the case REMANDED for further proceedings consistent with this order.