Taylor v. Racette

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

Gabriel Taylor,

> *Petitioner-Appellant,*
>
> v.                                                                                            16-3696

Steven Racette,

> *Respondent-Appellee.*[1]

---

FOR PETITIONER -APPELLANT:          Gabriel Taylor, *pro se*, Dannemora, NY.

FOR RESPONDENT-APPELLEE:          Donna A. Milling, Assistant District Attorney (Ashley R. Lowry, Assistant District Attorney, *on the brief*), *for* John J. Flynn, District Attorney of Erie County, Buffalo, NY.

---

[1] The Clerk of the Court is respectfully directed to amend the caption matter as above.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The district court dismissed Petitioner-Appellant Gabriel Taylor's 28 U.S.C. § 2254 petition as untimely but granted a certificate of appealability "limited to the following question: Whether [an] unexplained 36-day delay in Petitioner's receipt of the New York Court of Appeals' decision denying his motion for leave to appeal is an 'extraordinary circumstance' sufficient to equitably toll [the Antiterrorism and Effective Death Penalty Act's ("AEDPA")] limitations period." *Taylor v. Racette*, No. 14 Civ. 312A, 2016 WL 5871282, at *3 (W.D.N.Y. Oct. 7, 2016). This *pro se* appeal followed, which we review for abuse of discretion. *See Saunders v. Senkowski*, 587 F.3d 543, 549-50 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Assuming *arguendo* that Taylor's petition was filed on January 27, 2014,[2] it was nevertheless untimely unless he was entitled to equitable tolling for the 36 days between September 26, 2012, when the New York Court of Appeals denied him leave to appeal, and November 1, 2012, when he received the court's order. *See People v. Taylor*, 19 N.Y.3d 1029 (2012) (denying leave). Although we have held that failure by a state court to send notice of a

---

[2] Taylor signed the petition on January 27, 2014. Despite indicating in his petition that he mailed it on that day, however, he certified elsewhere in his petition that he placed it in the prison mail system on February 3, 2014. The Supreme Court has held that the moment of filing in such litigation should be the moment when the *pro se* prisoner "delivered the notice to prison authorities for forwarding." *Houston v. Lack*, 487 U.S. 266, 270 (1988). "Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order). Yet Taylor's certification that he placed his petition in the prison mailing system on February 3, 2014 could constitute such contrary evidence. If his petition were deemed to have been filed on February 3, 2014, it would be 39 days late, and untimely even if equitable tolling were appropriate, since he alleges only a delay of 36 days in receiving the notice that leave to appeal was denied.

ruling within a reasonable time can constitute an extraordinary circumstance tolling AEDPA's limitations period, *Diaz v. Kelly*, 515 F.3d 149, 155-56 (2d Cir. 2008), we have also made clear that "a delay occasioned by the normal course of the mail" is not such "an 'extraordinary' circumstance," *Saunders*, 587 F.3d at 550. The district court did not abuse its discretion in concluding that the delay here, which fell between these two extremes but far closer to the latter than the former, did not entitle Taylor to equitable tolling.

To obtain the benefit of equitable tolling, moreover, Taylor had to demonstrate not only that "he experienced extraordinary circumstances," but also that "those circumstances caused him to miss the original filing deadline." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). Here, Taylor waited approximately 15 months to file his petition in federal court after receiving the state court's order denying him leave to appeal. Even if the delay between the Court of Appeal's decision on September 26, 2012, and Taylor's receipt of that decision on November 1, 2012, did constitute extraordinary circumstances, "causation is lacking" because such circumstances "arose and concluded early within the limitations period." *Id.* Taylor's untimely filing more than one year later cannot be attributed to that 36-day delay.

We have considered all of Appellant's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3