01-2687-pr
Diaz v. Kelly
01-2736-pr
Tan v. Bennett
02-2037-pr
Taylor v. Hodges

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

Heard: December 11, 2007          Decided: January 25, 2008

Docket Nos. 01-2687-pr,01-2736-pr, 02-2037-pr

- - - - - - - - - - - - - - - - -
ANGEL DIAZ,
    Petitioner-Appellant,


        v.


WALTER KELLY, Superintendent of
Attica Correctional,
    Respondent-Appellee.
- - - - - - - - - - - - - - - - -
YOKE YEW TAN,
    Petitioner-Appellant,


        v.


FLOYD G. BENNETT, Superintendent,
Elmira Correctional Facility,
    Respondent-Appellee.
- - - - - - - - - - - - - - - - -
WARREN TAYLOR,
    Petitioner-Appellant,


        v.


GARY F. HODGES,
    Respondent-Appellee.

- - - - - - - - - - - - - - - - - -

Before: NEWMAN, CARDAMONE, and CABRANES, <u>Circuit Judges</u>.

Appeals from judgments of the United States District Courts for the Western and Southern Districts of New York dismissing habeas corpus petitions as time-barred.

Affirmed as to Nos. 01-2687 (Diaz) and No. 01-2736 (Tan); reversed and remanded as to No. 02-2037.

<div style="margin-left: 40%;">

Gail Jacobs, Great Neck, N.Y., for Petitioner-Appellant Diaz.

Loretta S. Courtney, Asst. District Atty., Rochester, N.Y. (Michael C. Green, Monroe County District Atty., Rochester, N.Y., on the brief), for Respondent-Appellee Kelly.

Randa D. Maher, Great Neck, N.Y., for Petitioner-Appellant Tan.

Nicole Beder, Asst. District Atty., New York, N.Y. (Robert M. Morganthau, N.Y. County District Atty., Morrie I. Kleinbart, Special Asst. District Atty., New York, N.Y., on the brief), for Respondent-Appellee Bennett.

Monica R. Jacobson, New York, N.Y., for Petitioner-Appellant Taylor.

Tracy Siligmueller, Asst. District Atty., Bronx, N.Y. (Robert T. Johnson, Bronx County District Atty., Nancy D. Killian, Na Na Park, Asst. District Attys., Bronx, N.Y., on the brief), for Respondent-Appellee Hodges.

</div>

-2-

JON O. NEWMAN, Circuit Judge.

These three appeals from denials of petitions for writs of habeas corpus all present variations of the issue of what circumstances toll the one-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d). Angel Diaz appeals from the October 2, 2001, judgment of the District Court for the Western District of New York (Hugh B. Scott, Magistrate Judge). Yoke Yew Tan appeals from the July 25, 2001, judgment of the District Court for the Southern District of New York (Gerard E. Lynch, District Judge). Warren Taylor appeals from the December 4, 2001, judgment of the District Court for the Southern District of New York (Robert W. Sweet, District Judge). Diaz and Tan sought tolling on the ground that lack of proficiency in the English language prevented them from timely filing their petitions. Taylor sought tolling because of the lack of notification of the denial of his state court collateral attack.

We conclude that English language deficiency can warrant tolling of the AEDPA limitations period, but that Diaz and Tan have failed to allege circumstances establishing the due diligence required to warrant tolling. We also conclude that the state court's lack of notification and Taylor's prompt filing after receiving a response to

-3-

his inquiry to the state court justified tolling. We therefore affirm in No. 01-2687 (Diaz) and No. 01-2736 (Tan), and reverse and remand in No. 02-2037 (Taylor).

## Background

Diaz. Diaz, who asserts that he is "primarily a Spanish speaker," was convicted in New York Supreme Court of murder in 1992. Because his conviction became final before the enactment of AEDPA, he was entitled to file his federal petition for habeas corpus within a one-year grace period from the Act's effective date, April 24, 1996, see Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998). His habeas filing deadline was thus April 24, 1997, unless some portion of the one-year grace period was subject to tolling. Tolling was indisputably available for the interval during which Diaz's state court collateral challenge to his conviction, filed prior to the enactment of AEDPA, was pending. See 28 U.S.C. § 2244(d)(2). That interval ended on February 5, 1997. Thus, the limitations period for his federal habeas petition, unless further tolled, would have ended on February 5, 1998, in order to afford Diaz the full one-year grace period authorized by Ross. Diaz filed the petition on June 29, 1998, more than four months late.

In response to an inquiry from the District Court as to why the

-4-

petition was not time-barred, Diaz replied that he did not speak or read English, that an inmate had assisted him in filing his state court collateral challenge, and that "it took me a while to find someone" to provide assistance with his federal court petition.

The Magistrate Judge, to whom the matter had been referred, initially deferred a ruling on timeliness in October 1998, and ultimately dismissed the petition as untimely in September 2001.

Tan. Tan, who is of Malay origin and speaks a Chinese Cantonese dialect, was convicted in New York Supreme Court of narcotics offenses in 1995. His conviction became final on July 8, 1998, after the effective date of AEDPA. Accordingly, he had until July 8, 1999 to file his petition. Tan filed his petition on May 4, 2000, nearly eleven months late. In July 1999, before he had filed his habeas petition, but after his one year statutory period had already expired, Tan sought to vacate the judgment of conviction pursuant to New York Criminal Procedure Law Section 440.10. He did so with the assistance of an inmate who spoke Chinese and English. The motion was denied, as was leave to appeal. Because his one year statutory filing period had already expired, this subsequent state court collateral attack does not toll the federal limitations period. See Cf. Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) ("To toll the AEDPA statute

-5-

of limitations, the state petition must be both 'properly filed' and 'pending' during the tolling period."

In response to two inquiries from the District Court as to why the petition was not time-barred, Tan alleged lack of "a working knowledge" of English and "difficult[y]" in finding interpreters in the Department of Correctional Services. The District Court dismissed the petition as untimely in July 2001.

Taylor.  Taylor was convicted in New York Supreme Court of manslaughter in 1996.  Taylor's conviction became final on April 13, 1998.  Taylor filed a state court coram nobis motion on April 23, 1998, which was denied by the Appellate Division on July 16, 1998. Taylor filed a NYCPL § 440.10 motion on March 26, 1999, which was denied on March 3, 2000, with leave to appeal denied on July 6, 2000. Because state court consideration of these state collateral attacks during a total of 527 days tolled his one year habeas limitations period, Taylor had until October 17, 2000, to file his federal petition, in the absence of any additional tolling.  He filed his petition on February 1, 2001, about three and a half months late.

In response to an inquiry from the District Court as to why his petition was not time-barred, Taylor explained that he had not received the Appellate Division's July 6, 2000, order denying leave

to appeal the denial of his section 440 motion, until January 31, 2001. On that date he signed for legal mail at Gowanda Correctional Facility, to which he had been transferred from Auburn Correctional Facility, and picked up a letter from the Appellate Division, post-marked January 27, 2001, which contained the Court's July 6, 2000, order. The Court's January 27, 2001, letter was sent in response to an inquiry sent by Taylor to the Court on December 15, 2000. Taylor's federal petition was filed one day after he finally learned of the state court's July 6, 2000, order.

The Appellate Division has no mail records showing a copy of its July 6, 2000, order having been previously mailed to Taylor, and the Auburn Correctional Facility shows no record of Taylor receiving any legal mail while incarcerated there.

The district court dismissed Taylor's petition as untimely in November 2001.

Certificates of appealability. In April 2006, this Court granted motions for a certificate of appealability ("COA") and appointed counsel for Diaz and Tan to consider whether lack of proficiency in English warranted tolling of the limitations period and whether they had acted with due diligence during the periods they seek to toll. We also granted a COA and appointed counsel for Taylor to consider

whether unusual delay in receipt of the state appellate court's decision denying an application for leave to appeal warranted equitable tolling of the limitations period and whether he had acted with due diligence during the period he seeks to toll.[1]

## Discussion

All three appeals present, in different contexts, the issue of whether equitable tolling of the one-year limitations period of AEDPA is available in the circumstances presented. We have previously recognized that equitable tolling can apply to the AEDPA limitations period, see Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), as have all of the circuits that have considered the question, see Dunlap v. United States, 250 F.3d 1001, 1004 n.1 (6th Cir. 2001) (collecting cases). To warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Smith, 208 F.3d at 17 (same).

Before determining the applicability of equitable tolling in the three pending appeals, we pause to consider whether the doctrine remains available to toll the AEDPA limitations period in light of the

---

[1]The record does not disclose the reasons for the delays that occurred in the District Court or this Court.

-8-

Supreme Court's recent decision in <u>Bowles v. Russell</u>, 127 S. Ct. 2360 (2007). In <u>Bowles</u> the Court ruled that statutory time periods limiting the time for filing a notice of appeal, being jurisdictional in the strict sense, are not subject to equitable exceptions. <u>See</u> <u>id.</u> at 2366-67. Although the Court referred to "the jurisdictional significance of the fact that a time limitation is set forth in a statute," <u>id.</u> at 2364, it would be an unwarranted extension of <u>Bowles</u> to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, <u>see</u> Fed. R. Civ. P. 8(c), it has not been regarded as jurisdictional, <u>see</u> <u>Day v. McDonough</u>, 547 U.S. 198, 205 (2006) (AEDPA limitations period), and has been subject to equitable tolling, <u>see</u> <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 95-96 (1990). We think it remains so after <u>Bowles</u>.

The Supreme Court's recent decision in <u>John R. Sand & Gravel Co. v. United States</u>, __ S. Ct. __ 2008 WL 65445 (U.S. Jan. 8, 2008), confirms our view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, <u>see</u> <u>id.</u> at __, 2008 WL at *3, and viewed the limitations period governing suits against the United States in the

-9-

Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of stare decisis, see id. at __, 2008 WL at *6.

Language deficiency. This Court has not previously considered whether language deficiency qualifies as a circumstance warranting equitable tolling, although the Ninth Circuit has indicated that equitable tolling may be available upon a showing that a prisoner did not speak English, his prison law library lacked legal materials in his native language, and he was unable to obtain translation assistance before the one-year deadline. See Mendoza v. Carey, 449 F.3d 1065, 1069-70 (9th Cir. 2006). The Appellee in No. 01-2687 contends that language deficiency cannot be an "extraordinary" circumstance as required by tolling jurisprudence because of the high proportion of prisoners with little or no ability to read English. We think the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. For the prisoner who cannot read English, the obstacle is undoubtedly serious, just as it would be for a prisoner speaking only English incarcerated in a non-English-speaking country, and can, in some circumstances, justify equitable

-10-

tolling, see id.; cf. Brown v. Parkchester South Condos, 287 F.3d 58, 60-61 (2d Cir. 2002) (mental illness can justify equitable tolling of Title VII time limit); Canales v. Sullivan, 936 F.2d 755, 758-59 (2d Cir. 1991) (mental illness can justify equitable tolling of time limit for SSI disability claim).

This is not to say, however, that language deficiency must be remedied by the State in any sense comparable to the obligation, grounded in the Sixth Amendment, to provide an interpreter at trial. See United States ex rel. Negron v. New York, 434 F.2d 386, 389-90 (2d Cir. 1970). On the contrary, the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency.

Neither Diaz nor Tan have alleged efforts that satisfy the diligence requirement. Both have claimed nothing more than the unavailability of personnel within their prisons who could translate for them during the applicable limitations periods. There is no allegation of any efforts to contact anyone outside the prison who might assist in making them aware, in their language, of legal requirements for filing a habeas corpus petition, nor what efforts were made to learn of such requirements within their places of

-11-

confinement.  Equitable tolling was properly rejected in their cases.

Lack of state court notice.  Taylor contends that he is entitled to equitable tolling because the Appellate Division did not send him notice of the June 6, 2000, order denying leave to appeal the denial of his section 440.10 motion (the action that completed his exhaustion of State Court remedies) until he inquired about the status of his case on December 15, 2000, and he did not learn of the denial until he received the Appellate Division's response, postmarked January 27, 2001, on January 31, 2001.  The Appellee in No. 02-2037 has presented no evidence that the Appellate Division notified Taylor soon after issuance of its July 6, 2000, order, as required by local rule:

> Upon determination of the application the original record of proceedings shall be returned to the trial court together with a certified copy of the order entered upon the application; a certified copy of the order shall also be sent to the defendant at his address shown in the application.

McKinney's N.Y. Ct. Rules 606.5(c).  There is nothing in the record to dispute Taylor's contention that the Appellate Division's notice, postmarked January 27, 2001, for which he signed in prison on January 31, 2001, was the first notice from the that court of the June 6, 2000 order.  The Appellee has supplied no copy of an earlier notice, and has made no claim that the January notice reflects that it is a second notice.

-12-

Although we have ruled that the statutorily tolled period in which state court proceedings are "pending," see 28 U.S.C. § 2244(d)(2), does not include a brief interval between the entry of a state court order and its receipt a few days later after prompt mailing, see Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000) (alternate holding), we have not considered whether a state court's failure to send notice within a reasonable time after entry of an order completing a prisoner's collateral attack can provide a basis for equitable tolling.  Other circuits have concluded that prolonged delay by a state court in sending notice of a ruling that completes exhaustion of state court remedies can toll the AEDPA limitations period.  See Jenkins v. Johnson, 330 F.3d 1146, 155 (9th Cir. 2003); Miller v. Collins, 305 F.3d 491, 495-96 (6th Cir. 2002); Knight v. Schonfeld, 292 F.3d 709, 711 (11th Cir. 2002); Woodward v. Williams, 263 F.3d 1135, 1142-43 (10th Cir. 2001); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).  We agree and conclude that the period from June 6, 2000, until January 31, should be tolled.[2]

_____

[2]Unlike Geraci, which ruled that the statutory tolling provision of the AEDPA limitations period ended upon the entry of a state court's order, rather than its subsequent receipt, 211 F.3d at 9, equitable tolling in this case appropriately extends until Taylor's

-13-

The State does contend that Taylor cannot have the benefit of equitable tolling for lack of due diligence on his part. We disagree. Taylor made inquiry to the Appellate Division on December 15, 2000, which was nine months after he had sought leave to appeal the March 3, 2000, denial of his section 440.10 motion. As the Sixth Circuit has noted, "From a litigant's perspective, it is a difficult, if not impossible endeavor, to estimate how long a reviewing court will take to decide a particular motion." Miller, 305 F.3d at 496. We see no point in obliging a pro se litigant to pester a state court with frequent inquiries as to whether a pending motion has been decided, at least until a substantial period of time has elapsed. Taylor made his inquiry to the Appellate Division slightly more than three months after the end of the limitations period. See Miller, 305 F.3d at 496 (five and one-half month interval between limitations period and discovery of state court ruling does not show lack of diligence; Phillips, 216 F.3d at 511 (four month interval); cf. Drew v. Department of Corrections, 297 F.3d 1278, 1287-88 (11th Cir. 2002) (letter of inquiry filed sixteen months after filing of state court application does not satisfy diligence).

---

receipt of the court's order, in response to his reasonably prompt inquiry.

-14-

Once Taylor became aware on January 31, 2001, that the Appellate Division had denied him leave to appeal, he promptly filed his federal habeas corpus petition the next day.  The Appellee suggests that Taylor could have filed his petition earlier, within the AEDPA limitations period, but had he filed it before June 6, 2000, the petition would have been subject to dismissal for lack of exhaustion. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Jenkins, 330 F.3d at 1155-56 (had petitioner "proceeded to file a federal habeas petition, he ran the distinct risk that the federal petition would be dismissed for failure to exhaust his claims in the state courts.").  Surely due diligence does not require prisoners to burden state officials with the need to oppose federal petitions presenting unexhausted claims.

Taylor is entitled to the benefit of equitable tolling.

## Conclusion

We affirm the dismissal of the petitions in Nos. 01-2687 (Diaz) and No. 01-2736 (Tan) and reverse and remand for consideration of the merits in No. 02-2037 (Taylor).