**Charles WATSON, Petitioner–Appellant,**

v.

**J.T. SMITH, Superintendent, Respondent–Appellee.**

No. 06–3711–pr.

United States Court of Appeals, Second Circuit.

March 5, 2008.

Brian Sheppard, New Hyde Park, NY, for Appellant.

Malancha Chanda, Assistant Attorney General (Barbara D. Underwood, Solicitor General, and Roseann B. Mackechnie, Deputy Solicitor General for Criminal Matters, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Charles Watson, who was convicted in 1991 for various state crimes arising out of

his 1990 armed robbery of a Burger King restaurant in Manhattan, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Watson asserts that the state trial court prevented him from exercising peremptory challenges to which he was entitled under New York law, which then resulted in his being convicted without the due process of law guaranteed by the federal Constitution. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Whether Watson's claim of a denial of peremptory challenges afforded by state law supports a federal due process claim raises difficult issues that we need not address on this appeal because Watson's habeas petition confronts an insurmountable procedural obstacle; it is clearly untimely.[1] Watson filed his § 2254 petition in the district court more than eight years after April 24, 1997, the conclusion of the one-year grace period for convictions that became final prior to the passage of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"). *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998).

Watson submits that his lack of access to New York state legal materials while in federal custody on a separate federal conviction constitutes sufficiently extraordinary circumstances to warrant equitable tolling of AEDPA's limitations period. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000) (explaining that this court will toll AEDPA's limitations period upon petitioner's showing that (1) extraor-dinary circumstances prevented him from timely filing and (2) he exercised reasonable diligence in attempting to do so despite extraordinary circumstances).

Assuming *arguendo* that lack of access to state law materials could constitute extraordinary circumstances, a question we reserved in *Doe v. Menefee*, 391 F.3d 147, 178–79 (2d Cir.2004), we conclude that equitable tolling is unwarranted in this case because Watson has failed to demonstrate a causal relationship between the alleged circumstances and the lateness of his filing, *see Valverde v. Stinson*, 224 F.3d at 134. Watson concedes that he had access to his state appellate brief, which raised the only arguably meritorious state law claim that underlies his § 2254 petition, and he does not contend a lack of access to federal law materials, which were critical to federal habeas relief. *See Doe v. Menefee*, 391 F.3d at 178–79. Mindful of these circumstances, and of Watson's failure to adduce any evidence of a formal attempt to acquire New York legal materials while in federal custody, we are not persuaded that this is a case warranting equitable tolling. *See generally Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir.2008). The fact that Watson attempted to be returned to state custody does not demonstrate sufficient diligence to warrant a different conclusion.[2]

For the foregoing reasons, the denial of the petition for habeas corpus is AFFIRMED.

---

1. Although the district court did not decide the issue of equitable tolling, we do so on appeal. *See ACEquip Ltd. v. American Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir.2003) ("[We] may ... affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.")

2. We decline to reach Watson's alternative claim of timeliness under 28 U.S.C. § 2244(d)(1)(B), as it is beyond the scope of the certificate of appealability. *See Valverde v. Stinson*, 224 F.3d at 136.