**Enrique TORRES, aka Buda, Petitioner,**

v.

**Debra DEXTER, Warden, Respondent.**

**Case No. CV 08–2936–CAS(RC).**

United States District Court, C.D. California.

Sept. 1, 2009.

Enrique Torres, Blythe, CA, pro se.

Shawn McGahey Webb, CAAG–Office of Attorney General of California, Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CHRISTINA A. SNYDER, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the habeas corpus petition and action as untimely.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on petitioner.

## JUDGMENT

IT IS ADJUDGED that the petition for writ of habeas corpus and the action are dismissed as untimely.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On March 19, 1992, in Los Angeles County Superior Court case no. VA008929, a jury convicted petitioner Enrique Torres, aka Buda, of one count of first degree special circumstances robbery-murder within the meaning of California Penal Code ("P.C.") §§ 187, 190.2(a)(17) (count 1) and two counts of attempted second degree robbery in violation of P.C. § 664/211 (counts 2 and 3), and, as to count 1, the jury found petitioner was armed with a firearm within the meaning of P.C. § 12022.5, and, as to counts 2 and 3, the jury found petitioner was armed with a firearm within the meaning of P.C. § 12022(a)(1).[1] Clerk's Transcript ("CT") 202–03, Supplemental Clerk's Transcript ("SCT") 93–94. Since petitioner was "[s]eventeen years of age at the time of the offenses, [he] was sentenced to life without the possibility of parole, and committed to the California Youth Authority pursuant to Welfare & Institutions Code, § 1731.5, subd. (c)." Lodgment no. 8 at 2; SCT 103–06.

The petitioner appealed his convictions and sentence to the California Court of Appeal, SCT 107, which in an unpublished opinion filed March 24, 1994, reduced petitioner's first-degree murder conviction "to second[-]degree murder and the robbery-murder special circumstance finding [wa]s stricken. The matter [wa]s remanded to the trial court for resentencing ... on all counts and enhancements. In all other respects, the findings of the jury and rulings of the trial court [we]re affirmed." Lodgment no. 8 at 16–17. The State filed a petition for review in the California Supreme Court, which denied the petition on June 30, 1994; however, petitioner did not seek review. Lodgment nos. 9–10; Opposition at 3.

The remittitur from the California Court of Appeal was returned in the Superior Court on September 30, 1994, and on October 19, 1994, the Superior Court modified petitioner's sentence, as follows: On count 1, the "2nd degree murder," petitioner was sentenced to 15 years to life "(allegation sentence and consecutive remain in full force and effect)" and the "[s]pecial circumstance allegation of PC [§ ] 190.2(a)(17)(i) is stricken." Lodgment nos. 31–32.

■ Commencing in December 2003,[2] and continuing to the present, petitioner

---

1. Petitioner was jointly tried with codefendants Juan Jose Rivas and Norge Tirado, and the jury convicted both Rivas and Tirado of one count of first degree robbery-murder and two counts of attempted robbery with firearm enhancements. Lodgment no. 8 at 1.

2. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey,* 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar,* 273 F.3d at 1223; *Anthony v. Cambra,* 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied,* 533 U.S. 941,

filed numerous habeas corpus petitions in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court. *See* Lodgment nos. 11–30, 34–35.

## II

Effective April 24, 2008, petitioner, proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his convictions and sentence,[3] and on January 23, 2009, respondent filed a motion to dismiss the petition arguing it is untimely. On March 26, 2009, petitioner filed his opposition to the motion to dismiss.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year period of limitations for federal habeas petitions filed by state prisoners," *Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1059 (9th Cir.2007), as follows:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

* * *

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

■ The petitioner's conviction became final long before the enactment of the AEDPA, which was effective April 24, 1996. However, the AEDPA's one-year statute of limitations did not begin to run prior to its enactment. *Allen v. Siebert*, 552 U.S. 3, 4, 128 S.Ct. 2, 3, 169 L.Ed.2d 329 (2007) (per curiam); *Carey v. Saffold*, 536 U.S. 214, 217, 122 S.Ct. 2134, 2137, 153 L.Ed.2d 260 (2002). Thus, a state prisoner such as petitioner, had one year and one day from the AEDPA's enactment, or until April 24, 1997, to timely file a federal habeas corpus petition. *Bryant*, 499 F.3d at 1059; *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir.2006), *cert. denied sub nom.*, *Belleque v. Kephart*, 549 U.S. 1317, 127 S.Ct. 1880, 167 L.Ed.2d 386 (2007).

■ The instant action was not filed until April 24, 2008—eleven years after the statute of limitations expired. However, this Court must consider whether the statute of limitations was tolled while petition-

121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). Here, the parties agree petitioner's first habeas corpus petition was filed in December 2003. Motion to Dismiss at 1:24–2:1 & n. 2; Opposition at 4.

3. The petitioner raises the following claims in his habeas corpus petition: (1) appellate counsel was ineffective in that he failed "to argue the correction of an illegal and unauthorized sentence related to the staying of

enhancements" under P.C. § 12022.5(a); (2) petitioner's sentence violates the "double jeopardy clauses of the California and United States Constitutions"; (3) appellate counsel was ineffective in that he failed "to argue ... [P.C. § ] 654" to stay the P.C. § 12022.5(a) enhancement; and (4) "the failure of the abstract of [judgment] to state that count 3 is stayed must be corrected." Petition at 19–27.

er's applications for collateral relief were pending in the California courts. Here, petitioner's recent (2003–08) state habeas corpus petitions have no effect on the AEDPA's statute of limitations because state petitions for post-conviction or collateral relief filed after the statute of limitations has expired neither toll nor revive the expired limitations period. *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003); *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000).

■ Nevertheless, petitioner contends he is entitled to calculate the limitations period under Section 2244(d)(1)(B) because he "is a Mexican National who solely spoke Spanish at the beginning point of his incarceration and well into his prison sentence. . . ." Reply at 17. Section 2244(d)(1)(B) "applies when a petitioner has been impeded from *filing* a habeas petition." *Shannon v. Newland,* 410 F.3d 1083, 1088 (9th Cir.2005) (emphasis in original), *cert. denied,* 546 U.S. 1171, 126 S.Ct. 1333, 164 L.Ed.2d 49 (2006). "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant,* 499 F.3d at 1060; *see also Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir.2003) ("In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."). Here, petitioner cannot make that showing since his alleged language difficulties are not created by the State. *See Finch v. Miller,* 491 F.3d 424, 427 (8th Cir.2007) ("An impediment to filing . . . must be created by *state action.*" (emphasis in original)). Nor does the absence of legal materials in a prisoner's native language constitute a State-created impedi-

ment. *Yang v. Archuleta,* 525 F.3d 925, 930 (10th Cir.2008).

■ The petitioner also claims he is entitled to equitable tolling of the limitations period. However, a petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Espinoza–Matthews v. People of the State of Cal.,* 432 F.3d 1021, 1026 (9th Cir.2005). The petitioner bears the burden of proving: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir.2009). Additionally, "the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (citations and internal quotation marks omitted); *Roy,* 465 F.3d at 969.

■ Here, petitioner claims he is entitled to equitable tolling because he is a Mexican national who, when first incarcerated, spoke only Spanish and could not read or write English. Reply at 5–16. Courts "have rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but have recognized that equitable tolling may be justified if language barriers actually prevent timely filing." *Mendoza v. Carey,* 449 F.3d 1065, 1069 (9th Cir.2006); *Diaz v. Kelly,* 515 F.3d 149, 151 (2d Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 168, 172 L.Ed.2d 121 (2008). "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to pro-

cure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070; *see also Diaz*, 515 F.3d at 154 ("[T]he diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency."). Here, petitioner has failed to make such a showing. Initially, it is unclear whether petitioner's English language skills are as limited as he claims. Although petitioner utilized the services of a Spanish-language interpreter at trial, SCT 3:18–21, he attended the tenth grade in the United States, Lodgment no. 33, Att. 4, and prison records show that as early as November 26, 2001, he was able to participate in a disciplinary hearing in English. *See* Lodgment no. 33, Att. 2 ("A Staff Assistant was not assigned as [petitioner] agrees that he speaks English [and] is literate....."). Moreover, given the lengthy delay involved in this case, it is highly questionable whether petitioner exercised the requisite due diligence to warrant equitable tolling. *Yang*, 525 F.3d at 930; *Diaz*, 515 F.3d at 154.

In any event, even assuming *arguendo* petitioner is entitled to equitable tolling through December 2003, when he concededly spoke English and had inmate assistance in filing his initial state habeas corpus petition,[4] *see Mendoza*, 449 F.3d at 1070 ("[A] petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief."); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.2002) (same), *cert. denied*, 538 U.S. 984, 123 S.Ct. 1793, 155 L.Ed.2d 677 (2003), the pending petition is still untimely. "Typically, a California petitioner brings a petition for a writ of habeas corpus in the state's Superior

Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court." *Biggs v. Duncan*, 339 F.3d 1045, 1046 (9th Cir.2003).

Here, as noted above, petitioner filed his first state habeas corpus petition in December 2003 in the Superior Court, which denied the petition on March 10, 2004. The statute of limitations was statutorily tolled when the petition was pending in the Superior Court. However, rather than promptly filing his next state habeas corpus petition in the California Court of Appeal, petitioner waited nine months, or until December 10, 2004, to file his next petition. Since petitioner has not provided a cogent explanation for this delay, he is not entitled to "gap" tolling for this nine-month delay, *Evans v. Chavis*, 546 U.S. 189, 201, 126 S.Ct. 846, 854, 163 L.Ed.2d 684 (2006); *see also Waldrip v. Hall*, 548 F.3d 729, 738 (9th Cir.2008) ("Under *Evans v. Chavis*, the one-year federal limitations period runs—is not tolled—during an unjustified delay of more than six months between the denial of habeas relief by a California state court and the filing of a subsequent petition in a higher California court."), and the statute of limitations ran for 275 days, from March 11 to December 10, 2004. As of December 10, 2004, petitioner had only 90 days left in the limitations period in which to timely file his federal habeas corpus petition.

The limitations period was again statutorily tolled from December 10, 2004, when petitioner filed his habeas corpus petition in the California Court of Appeal, through February 4, 2005, when the Court

---

**4.** Declaration of Enrique Torres ¶¶ 3, 5.

of Appeal partly granted the petition,[5] and this decision became final on March 6, 2005. Former Cal. Rules of Court, Rule 24(b)(1) (2005).[6] However, rather than next proceeding to the California Supreme Court, on June 24, 2005, petitioner filed another habeas corpus petition in the California Court of Appeal, which denied the petition on July 20, 2005. Each time a petitioner files a new habeas petition at the same or lower level, the subsequent petition triggers an entirely separate period of review, and the limitations period is not tolled for the intervening period. *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir.2003) (per curiam); *Waldrip*, 548 F.3d at 736. Therefore, the statute of limitations ran for a period of 109 days, from March 7 through June 23, 2005, and expired during this period. So even if petitioner is granted equitable tolling based on his language difficulties through December 2003, when he filed his first state habeas corpus petition, the pending habeas corpus petition is untimely.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) entering Judgment dismissing the petition and action as untimely.

DATE: June 3, 2009.

---

**5.** The Court of Appeal ordered the California Department of Corrections to correct its records and the Superior Court to file an amended abstract of judgment correctly reflecting petitioner's resentencing.

**6.** Former Rule 24 was renumbered as Rule 8.264 effective January 1, 2007.