NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN MAE POLK,<br><br>    Petitioner-Appellant,<br><br> v.<br><br>MOLLY HILL, Acting Warden,<br><br>    Respondent-Appellee. | No. 15-15677<br><br>D.C. No. 3:12-cv-05986-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted October 16, 2017[**]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,[***] District Judge.

Susan Polk, a California prisoner convicted of second-degree murder, appeals

the district court's denial of her application under 28 U.S.C. § 2254 for a writ of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

habeas corpus. We affirm.

1. There is a one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA") for filing § 2254 petitions. 28 U.S.C. § 2244(d). AEDPA's limitations period begins to run when a state conviction becomes final. 28 U.S.C. § 2244(d)(1). Polk's conviction became final on June 28, 2011. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). Polk filed her § 2254 petition on November 7, 2012. Without the benefit of tolling, Polk's § 2254 petition was 132 days late.

2. Polk filed a state habeas petition in the California Supreme Court on June 28, 2012, which was denied on October 31, 2012. AEDPA allows statutory tolling for "[t]he time during which a properly filed application for State post-conviction . . . review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). Even assuming that Polk's California Supreme Court petition was "properly filed" and that she is entitled to statutory tolling, her § 2254 petition would still be seven days late unless she is also entitled to equitable tolling.

3. Polk claims entitlement to equitable tolling because she (1) lacked access to her legal papers; (2) lacked access to writing supplies; (3) lacked access to the prison law library; and (4) is actually innocent. But Polk's extensive filings in other cases during the limitations period belie her equitable tolling arguments in general and in particular doom any claim that she was unable to file a stay-and-abey petition.

2

*See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (instructing state prisoners unsure about whether they are entitled to statutory tolling to file a protective § 2254 petition). Equitable tolling is appropriately granted only when the circumstances surrounding delay are "extraordinary" and "beyond a prisoner's control." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). Here, the cause for delay was the routine fact that Polk did not receive immediate notice of the state court action. Although "prolonged delay by a state court in sending notice of a ruling that completes exhaustion of state court remedies can toll the AEDPA limitations period," *Ramirez v. Yates*, 571 F.3d 993, 997–98 (9th Cir. 2009) (quoting *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008)), there was no such delay here.

4. The district court correctly rejected Polk's actual innocence claim because she failed to produce any new evidence, *see Schlup v. Delo*, 513 U.S. 298, 327 (1995), rather merely reiterating her interpretation of the trial evidence.

**AFFIRMED**