# IN THE COURT OF APPEALS OF IOWA

No. 18-1180
Filed July 22, 2020

**JUAN LOZANO,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

An applicant for postconviction relief appeals from the dismissal of his application. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Richard J. Bennett, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**SCHUMACHER, Judge.**

Approximately fourteen years after being convicted of terrorism and murder in the second degree, Juan Lozano filed an application for postconviction relief (PCR). The district court dismissed his application on the ground that the application failed to comply with the three-year limitations period set out in Iowa Code section 822.3 (2016). On appeal, Lozano asks us to apply the doctrine of equitable tolling to section 822.3 due to his limited English proficiency and the lack of an interpreter at his sentencing hearing. We decline to do so, and we affirm the dismissal of his PCR application.

**Background Facts and Proceedings**

In July 2001, Juan Lozano went armed with a gun to the apartment of the mother of his three children. A fight broke out between Lozano and Charles Carillo, and Carillo was fatally shot.

The State charged Lozano with murder in the first degree, in violation of Iowa Code sections 707.1, 707.2 and 708.4 (2001); attempt to commit murder, in violation of section 707.11; and going armed with intent, in violation of section 708.8. Lozano's counsel applied for a Spanish translator, a request the court granted. The State then amended the trial information to include a charge for terrorism, in violation of section 708.6.

On January 8, 2002, a memorandum of plea agreement was filed, signed by the defendant, his counsel, and the State. No other plea agreement was ever filed. The memorandum indicated Lozano would plead guilty to terrorism and to murder in the second degree.

At the plea hearing on January 8, 2002, a disagreement emerged over the factual basis for the murder charge. Due to the disagreement, the court did not accept the plea. A subsequent plea hearing was held on January 31. At this second plea hearing, the defendant agreed to plead guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). The court accepted the plea. At both the first and second plea hearings, an interpreter was provided for Lozano's benefit, and Lozano spoke to the court via the interpreter.

Sentencing occurred on February 21. No interpreter was present at sentencing. The court sentenced Lozano to a fifty-year indeterminate term for the second-degree murder conviction and a ten-year indeterminate term for the terrorism conviction. Lozano's second-degree murder conviction carried a requirement that he serve a minimum of eighty-five percent of the sentence. The court ordered that the sentences run consecutively. In English, the court afforded Lozano his right to allocution and instructed him that "he has the right to appeal the judgment and sentence of this Court." Lozano did not appeal his convictions and sentences.

Over fourteen years later, on May 10, 2016, Lozano filed an application for postconviction relief (PCR) pursuant to Iowa Code chapter 822 (2016). The State filed a motion to dismiss the PCR petition on the ground that the application was barred by the three-year limitations period set forth in Iowa Code section 822.3. In a supplement to the original petition, Lozano argued trial counsel was ineffective for failing to file pre-trial motions and fully investigate the case.

The district court granted the State's motion to dismiss. It noted that this court has repeatedly refused to apply the doctrine of equitable tolling to section

822.3, citing two of our cases. *See Hardin v. State*, No. 17-0869, 2018 WL 3057455, at *2 (Iowa Ct. App. June 20, 2018); *Larimer v. State*, No. 17-0276, 2018 WL 739301, at *1 n.1 (Iowa Ct. App. Feb. 7, 2018) (collecting cases). The court also rejected Lozano's argument that his sentence was an illegal sentence that could be challenged at any time under Iowa Rule of Criminal Procedure 2.24(5)(a), finding Lozano's arguments amounted to allegations of procedural defects that do not provide a basis for a sentence challenge under rule 2.24(5)(a). *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Lozano appeals from the order granting the State's motion to dismiss.

**Standard of Review**

We review a grant of a motion to dismiss a PCR petition for correction of errors at law; however, when the applicant asserts a claim of ineffective assistance of counsel, we review such claims de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001); *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998).

**Discussion**

On appeal, Lozano argues we should apply the doctrine of equitable tolling to forgive the noncompliance of his PCR application with the three-year limitations period set out in section 822.3. He supports his claim by noting his lack of proficiency in the English language at the time of his conviction and emphasizing that his failure to appeal his guilty plea was due to his lack of awareness of a right to appeal. Additionally, he argues he received ineffective assistance of counsel at his plea and sentencing, as well as during the PCR proceedings.

We have many times rejected the notion that the doctrine of equitable tolling should be applied to section 822.3. *See Larimer*, 2018 WL 739301, at *1 n.1

(collecting cases). Lozano insists his case is different, noting in reliance on federal decisions that "[l]anguage deficiency has been recognized as [a] qualifier for equitable tolling." *See Diaz v. Kelly*, 515 F.3d 149, 154 (2nd Cir. 2008); *Mendoza v. Carey*, 449 F.3d 1065, 1070–71 (9th Cir. 2006). Iowa courts have never held that language deficiency can provide a basis to apply equitable tolling in the context of PCR applications. We decline to create such an exception here.

"Once a defendant has waived his right to a trial by pleading guilty, the State is entitled to expect finality in the conviction." *State v. Mann*, 602 N.W.2d 785, 789 (Iowa 1999). Even under the federal rule allowing equitable tolling, a petitioner must show diligent pursuit of rights and "that some extraordinary circumstance stood" in the way. *Diaz*, 515 F.3d at 153; *see also Mendoza*, 449 F.3d at 1068. The facts of the instant case demonstrate that Lozano would be unable to satisfy the diligence requirement of the federal rule as a matter of law. In *Mendoza*, the petitioner sought relief approximately nine months after the expiration of a one-year limitations period. 449 F.3d at 1067–68. In *Diaz*, the petitioner's filing was "more than four months late." 515 F.3d at 152. In profound contrast, Lozano filed a PCR application more than eleven years after the limitations period closed in his case.

Lozano highlights several hurdles he allegedly faced to show why we should find him diligent despite his eleven-year tardiness. He cites his limited English proficiency in 2002; lack of knowledge that he could appeal his plea; lack of Spanish-language legal materials in the prison library; the inability to obtain translation assistance due to "frequent lockdowns"; a fear that seeking assistance from other inmates would lead to him being reported to law enforcement; and

fruitless requests to the court for documents related to his case. Because the court rejected Lozano's PCR application on statute-of-limitations grounds, the record is not fully developed with respect to these alleged deficiencies. However, we have previously rejected similar arguments. A lack of knowledge is not a ground for an exception from the effects of a limitations period. *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989). Neither does a claim of ineffective assistance allow a PCR applicant to avoid the limitations period. *See Long v. State*, No. 16-1220, 2017 WL 2684345, at *2 (Iowa Ct. App. June 21, 2017) (citing *Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995)). While the record is undeveloped with respect to the remainder of Lozano's claims, we find they do not provide a basis for an exception to our well-recognized rule that equitable tolling does not apply to section 822.3.

The legislature has made clear in section 822.3 that defendants have a three-year window in which to bring PCR applications. A court should not create a relief mechanism that conflicts with the legislature's chosen limitation. *See Drahaus v. State*, 584 N.W.2d 270, 275 (Iowa 1998). We decline to adopt an exception to that rule based on proficiency in the English language, and because this holding is dispositive, we do not reach Lozano's claims of ineffective assistance of counsel.

Lastly, we briefly discuss Lozano's contention that there were two plea agreements. In more than one pro se brief filed in this court,[1] he asserts that his

---

[1] Although Iowa Code section 814.6A(1) was recently enacted to prohibit defendants from filing pro se briefs when represented by counsel, the instant appeal was pending prior to the July 1, 2019, effective date of the new legislation.

trial counsel wrongfully convinced him to sign a "second guilty plea," which unlike the first, "reinstated his appeal rights." The record contains only one plea memorandum and it makes no mention of Lozano's right to appeal. That memorandum was filed on January 8, 2002, and was signed by Lozano, his counsel, and the State. No other plea agreement in any form was ever filed. At the January 31 plea hearing, the court referenced the January 8 memorandum, and the parties confirmed that the January 8 plea memorandum represented the parties' agreement. The contents of the January 8 plea memorandum do not impact our analysis of the equitable-tolling issue, which is dispositive, and, to the extent Lozano contends he was prejudicially induced into signing a second plea memorandum, such document is not part of the record.

**Conclusion**

We decline to apply the doctrine of equitable tolling to extend the limitation period governing Lozano's PCR application. We affirm the dismissal of Lozano's PCR application, filed over fourteen years after his convictions. We have carefully considered all claims raised by counsel and by Lozano pro se. Those claims not specifically addressed in this decision are either disposed of by our resolution of other claims or are without merit.

    **AFFIRMED.**

---

We therefore may consider Lozano's pro se briefs. *See State v. Purk*, No. 18-0208, 2019 WL 5790875, at *8 n.8 (Iowa Ct. App. Nov. 6, 2019).