20-3241-pr
*Sides v. Paolano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

Darrick Lee Sides,

> *Plaintiff-Appellant*,

> v.                                                                    20-3241

Doctor Paolano, Coxsackie Medical Unit, individually and officially, Doctor Jon Miller, Coxsackie Medical Unit, individually and officially, P. Snyder, Nurse Coxsackie Medical Unit, individually and officially, P. Schmidt, Nurse Coxsackie Medical Unit, individually and officially,

> *Defendants-Appellees*,

V. Baldwin, Nurse Administrator Coxsackie Medical Unit, individually and officially, James Weisberger, Laboratory Director; BioReference Lab, Inc., individually and officially, BioReference Laboratories, Inc.,

*Defendants.*

FOR PLAINTIFF-APPELLANT:      Darrick Lee Sides, *pro se*, Sonyea, NY.

FOR DEFENDANTS -APPELLEES:     Patrick A. Woods, Assistant Solicitor
                               General (Barbara D. Underwood, Solicitor
                               General, and Victor Paladino, Senior
                               Assistant Solicitor General, *on the brief*) *for*
                               Letitia James, Attorney General of the State
                               of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*; Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Darrick Lee Sides, pro se and incarcerated, sued several employees of the New York State Department of Corrections and Community Supervision ("DOCCS")—including Dr. Albert Paolano, Dr. Jon Miller, and Nurse Phyllis Schmidt—under 42 U.S.C. § 1983, alleging Eighth Amendment violations during the time that he was imprisoned at Coxsackie Correctional Facility between 2008 and 2012.   He claimed that the named defendants were deliberately indifferent to his medical needs when they delayed his referral to a specialist to treat his hemorrhoids and rectal bleeding and waited 51 days after the specialist recommended surgery to refer him for that intervention.   Defendants sought summary judgment, arguing, among other things, that Sides's claims were time-barred.   The district court granted the motion and Sides appealed.   In 2019, this Court vacated and remanded, concluding that Sides's complaint was untimely, but instructing the district court to determine in the first instance whether equitable tolling applied to excuse the complaint's untimeliness.   *See Sides v. Paolano*, 782 F. App'x 49, 51 (2d Cir. 2019).

On remand, Sides argued that the defendants' failure to timely provide him with a notary prevented him from timely filing suit. In 2020, the district court granted summary judgment for defendants, holding that Sides was not entitled to equitable tolling because he had shown neither the necessary extraordinary circumstances (in that notarization of his complaint was not required) nor that he had diligently pursued his claims during the limitations period (either through grievances or suit). *See Sides v. Paolano*, No. 915-cv-1203 (MAD, CFH), 2020 WL 6530751, at *5–6 (N.D.N.Y. June 3, 2020), *report and recommendation adopted*, No. 915-cv-1203 (MAD, CFH), 2020 WL 5511414, at *2 (N.D.N.Y. Sept. 14, 2020). Sides now appeals the district court's 2020 decision. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to affirm.

We review *de novo* a grant of summary judgment, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

We have already determined as a matter of law that Sides's claim accrued "no later than September 28, 2012"; that the limitations period expired three years later; and that Sides filed his complaint in "early October" 2015, after the limitations period expired. *Sides*, 782 F. App'x at 50. Thus, as we previously ruled, Sides's complaint "was untimely, unless equitable tolling applie[d]." *Id.*

3

Generally, a party is entitled to equitable tolling of a statute of limitations only upon a showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016).[1] The party "seeking equitable tolling bears the burden" of establishing both elements. *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011). We review denials of equitable tolling for abuse of discretion. *Id.*

Sides did not carry his burden and the district court committed no abuse of discretion in so ruling. First, Sides did not show that he diligently pursued his claims. Generally, a plaintiff seeking equitable tolling must show a "level of diligence which could reasonably be expected in the circumstances," *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011), and that he or she "acted with reasonable diligence throughout the period he sought to toll," *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005); *see also Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (holding "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances," then equitable tolling was not available). Sides testified during his deposition that in August 2012, he filed a grievance in the form of a letter concerning his delayed treatment by a specialist. Rather than process the grievance, the grievance program supervisor advised Sides that an appointment had already been scheduled and that he should consult with a supervisor if he did not see the specialist. Sides further testified that he saw a specialist about possible surgery on August 22, 2012, and that he did not take any other action regarding the grievance. He also acknowledged that he did not file any other grievances regarding the quality

---

[1] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

of his medical treatment even after he obtained his medical records in July 2013.

Sides fails altogether to explain why he did not file his complaint during the two years from July 2013, when he obtained his medical records, to late September 2015, when the statute of limitations expired. Rather, he waited until the last days of the limitations period and offered no explanation for the delay. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) ("Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal."). He therefore failed to meet his burden of showing that he "acted with reasonable diligence throughout the period he sought to toll." *Walker*, 430 F.3d at 564; *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period . . . ."); *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 200 (2d Cir. 2001) (holding equitable tolling did not apply even where the defendants concealed some relevant facts because the plaintiff had sufficient information to pursue her claim within the limitations period). The district court therefore did not err in concluding that Sides did not pursue his claim with due diligence.

In addition, Coxsackie Correctional Facility's failure to provide Sides with a notary on or soon after September 21, 2015 (the date when Sides requested that the prison provide a notary to assist him in finalizing his complaint) did not constitute an "extraordinary circumstance [that] stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis.*, 577 U.S. at 255. No law or regulation required Sides to have his complaint notarized. Federal Rule of Civil Procedure 11(a) provides that, "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11(a). It is true that the

5

Northern District's Local Rule 7.1 (in the form then in effect[2]) required Sides to include an affidavit with his motion for a preliminary injunction. But nothing stopped him from filing the motion separately from the complaint, and nothing in the local rules required notarization of the complaint or that the complaint be accompanied by an affidavit.[3] N.D.N.Y. L.R. 7.1. Hence, Sides's lack of access to a notary could not in itself have "prevented timely filing," especially given the lag of over two years between when he received his medical records and when he eventually filed his complaint. *Menominee Indian Tribe of Wis.*, 577 U.S. at 255; *cf. Diaz v. Kelly*, 515 F.3d 149, 154–56 (2d Cir. 2008) (holding extraordinary circumstances existed when state prisoner received delayed notice that a state appellate court had denied his application for leave to appeal, preventing him from timely filing of habeas petition). Equitable tolling may not "be premised on [a plaintiff's] lack of education, pro se status, or ignorance of the right to bring a

---

[2] Before January 1, 2021, Local Rule 7.1(a) provided as relevant here that "[e]xcept as otherwise provided in this paragraph, all motions and opposition to motions require a memorandum of law, supporting affidavit, and proof of service on all the parties."

[3] Sides also states that he "misunderstood" the notary requirements, in part, because he relied on "a pro se handbook." Appellant's Br. at 16, 23. Assuming that Sides consulted the Northern District of New York's *Pro Se Handbook*, which is referenced in defendants' brief, we note that this *Pro Se Handbook* states: "Federal Rule of Civil Procedure 11 requires that every plaintiff must sign and date his or her complaint. *If possible,* the complaint should be signed and dated in the presence of a notary public. A complaint that is not signed will be dismissed by the Court unless the plaintiff promptly corrects the omission by submitting a signed copy of the complaint." *Pro Se Handbook: The Manual for the Litigant filing a Lawsuit without Counsel*, 17 (last updated Jan. 8, 2021), https://www.nynd.uscourts.gov/sites/nynd/files/ProSe_Handbook.pdf (last visited Sept. 9, 2021) (emphasis added) (publicly available on the Northern District of New York's website). Thus, the *Pro Se Handbook* is clear that Sides could have filed the complaint even if he did not sign it in the presence of a notary. In any event, Sides himself acknowledges that he sought and obtained access to a notary—even if notarization was not necessary—but waited until the final days of the statutory window to do so (Sides requested that the prison provide a notary to assist him in finalizing the Complaint on September 21, 2015, and the accrual date set by the court was "no later than" September 28, 2015). *See* Appellant's Br. at 16, 24, 30. Again, because Sides did not exercise "reasonable diligence *throughout* the period he sought to toll," he is not entitled to equitable tolling. *Walker*, 430 F.3d at 564 (emphasis added).

claim." *Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017). The district court thus reasonably found that Sides failed to demonstrate an extraordinary circumstance sufficient to warrant equitable tolling.

In summary, Sides has failed to show that the district court abused its discretion when it concluded that he was not entitled to equitable tolling and, on that basis, granted summary judgment to defendants.

We have considered Sides's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court